108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard P. CRANE, Jr. and James D. Henderson,
Plaintiffs-Appellees-Cross-Appellants,
v.
The ARIZONA REPUBLIC, Jerry Seper, and Phoenix Newspapers,
Inc., Defendants-Appellants-Cross-Appellees.
 Nos. 95-56314, 95-56375.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Dec. 16, 1996.
 
 Before: HUG, Chief Judge, and PREGERSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants ("Republic ") appeal the jury verdict for several reasons. They argue that: (1) the plaintiffs failed to comply with California Civil Code § 48a(1); (2) the plaintiffs failed to prove that the three unprivileged paragraphs were written with actual malice; (3) the three paragraphs could not reasonably be read to defame Crane; (4) the district court erred in admitting Henderson's testimony concerning Bill Shover's remarks about Seper, and also erred in excluding the deposition testimony of DEA Agent John Peoples; and (5) the presumed damages award was duplicative and grossly excessive. The facts regarding the underlying controversy are set forth in our published opinion at 972 F.2d 1511 (1992).[1] We consider each of the issues in turn.
 
 I. California Civil Code § 48a(1)
 
 3
 Whether the plaintiffs' retraction demands satisfied California Civil Code § 48a(1) is a question of law reviewed de novo. O'Hara v. Storer Communications, Inc., 231 Cal.App.3d 1101, 1110 (1991). We conclude that Crane and Henderson complied with § 48a(1).
 
 
 4
 The purpose of § 48a(1) is to assure that the plaintiff in a defamation suit gives sufficient notice for the publisher reasonably to comprehend which statements the plaintiff challenges as libelous and wants corrected. See Kapellas v. Kofman, 1 Cal.3d 20, 30-31 (1969). In his retraction demand, Crane objected to each of the three unprivileged paragraphs on the ground that:
 
 
 5
 The intentional recitation of these statements when taken in conjunction with the preceding and subsequent paragraphs creates the false, misleading, and libelous inference that the allegations are true.
 
 
 6
 Regardless of the fact that the identical objection was made with regard to other, privileged, paragraphs, it put the paper on notice of the claimed falsity of the implied allegation that Crane or Henderson was lying about his knowledge respecting the Justice Department investigation. The intentional juxtaposing of the unprivileged paragraphs, i.e., "[t]he intentional recitation of these statements when taken in conjunction with the preceding and subsequent paragraphs", when read in conjunction with each other and as part of the entire article, could lead a reasonable reader to conclude that either Crane or Henderson was lying about his knowledge of the Justice Department investigation. From that conclusion, a reasonable reader could have drawn the subsequent conclusion that because one of the defendants was lying in that respect, he was also lying about being innocent of the alleged corruption, which involved joint action by the two plaintiffs. Even if the juxtaposition of the paragraphs tended to indicate that one of the defendants was more likely than the other to have lied to Seper, a jury reasonably could have found that the implication arising from the juxtaposition was that both plaintiffs were engaged in the scheme under investigation. Because the implication that one of the plaintiffs lied was the most natural conclusion to be drawn from the juxtaposed paragraphs, Crane's letter was sufficiently specific to put the Republic on notice about what Crane wanted the newspaper to correct.
 
 
 7
 We also conclude that, in view of all the circumstances, Henderson's letter was sufficient to comply with the specificity requirement of § 48a(1). It followed Crane's letter, which had already put the paper on notice of the false implication the juxtaposed paragraphs created. When read in conjunction with Crane's letter, Henderson's was sufficient to put the paper on notice.
 
 II. Actual Malice
 
 8
 We hold that the evidence presented at trial was sufficiently clear and convincing to permit a reasonable jury to find actual malice. Seper testified that he intended to create the implication that Henderson had lied, even though Seper knew that some seven weeks had elapsed between his conversation with Henderson and his subsequent conversation with Crane. Even if Seper only intended to imply that Henderson alone was lying about his knowledge of the Justice Department investigation, the juxtaposing of the three paragraphs lent credence to the allegations in the article that both Crane and Henderson were engaged in the scheme. As this court previously held:
 
 
 9
 [A] reasonable jury could conclude that the juxtaposing of the denials was undertaken either knowingly or in reckless disregard of the false impression it would produce concerning Crane's and Henderson's own credibility.
 
 
 10
 Indeed, a jury could find that The Arizona Republic 's strategic use of the word "however" intentionally or recklessly set up a contrast between the two paragraphs that made Crane's and Henderson's protestations of innocence ring hollow.
 
 
 11
 Crane v. The Arizona Republic, 972 F.2d 1511, 1524 (9th Cir.1992). Nothing in the record or in the Republic's arguments on appeal persuades us that this conclusion is any less warranted following the trial.
 
 III. Defamation of Crane
 
 12
 The question of whether the unprivileged paragraphs were capable of a defamatory meaning with respect to Crane is a question of law subject to de novo review. Brown v. Darcy, 783 F.2d 1389, 1398 (9th Cir.1986).
 
 
 13
 In order for the issue to go to the jury, the district court need only have determined that by "any reasonable interpretation the language is susceptible to a defamatory meaning." Selleck v. Globe Intern., Inc., 166 Cal.App.3d 1123, 1131 (1985).
 
 
 14
 As we stated supra, the natural implication of the juxtaposition is that either Henderson or Crane lied, and that it is likely, therefore, that they were both guilty of the underlying charges. The implication of the three paragraphs was thus defamatory.
 
 
 15
 Although this court has yet to decide the matter, see Partington v. Bugliosi, 56 F.3d 1147, 1152 n. 9 (9th Cir.1995), the D.C.Circuit and the Fourth Circuit have adopted the additional requirement that a plaintiff cannot succeed in a libel claim for a defamatory implication arising from the recitation of true facts without proving that the defendant endorsed the implied defamatory meaning. White v. Fraternal Order of Police, 909 F.2d 512, 520 (D.C.Cir.1990); Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1093 (4th Cir.1993). It is not necessary to decide whether to adopt that test because Seper testified that he intentionally juxtaposed the paragraphs in order to imply that Henderson was lying; in doing so, he admitted that he intended and endorsed that implication.
 
 IV. Evidentiary Issues
 
 16
 The Republic argues that the district court erred in admitting Henderson's testimony about Shover's remarks and in excluding Peoples' deposition testimony. We review evidentiary rulings for an abuse of discretion, and reversal is improper absent a showing of prejudice. City of Long Beach v. Standard Oil Co., 46 F.3d 929, 936 (9th Cir.1995).
 
 
 17
 We conclude that the district court did not abuse its discretion because Shover's remarks were a party admission. See Fed.R.Evid. 801(d)(2)(D). Shover was Director of Community and Corporate Services at the newspaper. The meeting between Henderson, Shover, and Moyer was conducted at the offices of the Republic. Although Moyer may not have been present for the entire meeting, it was not an abuse of discretion for the district court to conclude that Shover spoke in his official capacity as a representative of the paper, and did so with the knowledge, participation, and consent of Moyer.[2]
 
 
 18
 We also hold that the district court did not err in excluding the deposition testimony of Agent Peoples. The Republic claims that Peoples' testimony tended to show that Henderson was lying when he said that Vann's allegations and the Department of Justice investigation were "all news to [him]." Peoples' statements show, if anything, that Rudnick believed Henderson knew that Rudnick had spoken with DEA officials in 1982 regarding Henderson's relationship with Crane. Thus, Peoples' testimony may reasonably give rise to an inference that, in 1982, Henderson knew about a DEA inquiry into his relationship with Crane. However, Rudnick's speculations about Henderson's knowledge of a 1982 DEA investigation shed no light on Henderson's possible knowledge of a Justice Department investigation of similar allegations by Jerry Vann some two years later. Additionally, Peoples' deposition testimony concerned his recollection of what Rudnick, an attorney in the Strike Force, said he thought Henderson knew about the 1982 DEA investigation. As such, the testimony was not only irrelevant but also inadmissible hearsay, and the district court did not abuse its discretion in excluding it.
 
 V. Presumed Damages
 
 19
 In determining whether a jury award of damages is supported by the evidence, we apply a "substantial evidence" test and reverse as excessive only those awards that were the result of juror passion and prejudice. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 791 F.2d 1356, 1366 (9th Cir.1986), cert. denied, 484 U.S. 826 (1987). We conclude that there was substantial evidence supporting the award.
 
 
 20
 Nevertheless, two issues remain regarding the jury instructions on presumed damages. First, general and presumed damages may not be awarded as double compensation for the same injuries. Presumed damages are properly awarded where a plaintiff "seeks compensation for an injury that is likely to have occurred but difficult to establish." Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 310-11 (1986). Therefore, they essentially substitute for proven compensatory damages. Id. Because the Republic did not object at trial on that ground and the district court's instructions did not constitute plain error, reversal is inappropriate.
 
 
 21
 Second, the district court instructed the jury that the plaintiffs were entitled to damages for the injuries they suffered because of the implication the juxtaposed paragraphs created that one or the other of them had lied to Seper. We believe that they were entitled to the broader instruction that damages may be awarded for all of the injuries the plaintiffs suffered because of the three juxtaposed paragraphs, including the implication that Jerry Vann's allegations were true. We conclude, however, that if the district court's misunderstanding of the damages to which the plaintiffs were entitled led to too-narrow an instruction being given, that error only benefitted the Republic. To the extent that the jury may have failed to follow the erroneous instruction and instead awarded damages for the full harm to the plaintiffs that the three paragraphs caused, its error would not be prejudicial and reversal would be improper.
 
 VI. Conclusion
 
 22
 For the reasons stated above, the judgment of the district court is
 
 
 23
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The plaintiffs cross-appeal, arguing that the district court erred in granting judgment as a matter of law against them on their claims for republication and for punitive damages, but they assert that they wish to pursue the cross-appeal only if we reverse and remand for a new trial. Because we affirm, we do not consider the cross-appeal
 
 
 [2]
 The Republic argues in its brief that "[g]iven the lack of evidence of actual malice, the court's admission of [Henderson's] testimony was an abuse of discretion." As we stated supra, the record supports a jury finding that there was clear and convincing evidence of actual malice